¶ 11. I do not disagree with the majority on the result obtained in this case. There appears to be substantial evidence in the record to support a finding that Miller had suffered a disabling work-related injury. *Page 790 
¶ 12. However, I disagree with the majority's proposed handling of the issue of interest to be assessed against Walden Lumber, and I believe that the issue of statutory appeal damages needs further clarification. (There is the additional issue of whether this is, in fact, an interlocutory appeal since the only award so far by the Commission, insofar as this record reveals, is one for temporary total disability benefits for an undetermined period. Nevertheless, neither party raises the issue and, since a successful appeal by Walden Lumber would have ended the case, I would not think it necessary to consider that question on our own motion.)
¶ 13. The Commission determined that Miller was entitled to temporary total disability payments from July 30, 1996, until the further order of the Commission — which would, under the law, be the date that Miller reached maximum medical improvement. That is a date that cannot be determined on this record. For all this Court knows, the date may, and probably already has, occurred, but it is at least legally possible that it has yet to arrive.
¶ 14. In regard to the imposition of the fifteen percent penalty under Section 11-3-23 of the Mississippi Code, this Court says only that the section "directs the imposition of penalties based upon the entire judgment or decree affirmed if it is monetary." The Court goes on to "impose a statutory penalty of fifteen percent (15%) upon such sum" without specifying what that sum is. What the Court affirms today is an order for an indeterminate number of weekly payments that may have already ended or may be continuing to accrue. The issue then becomes whether that is a monetary judgment upon which the penalty may be assessed. The Supreme Court has answered that question in M.T. Reed Const. Co.v. Martin, 215 Miss. 472, 61 So.2d 300 (1953), by saying that the penalty may be assessed only against installments that have accrued prior to the time of the affirmance of the award on appeal. Id. at 483, 63 So.2d at 532. Therefore, subject to the caveat that the penalty ought not to apply to any installments due to Miller after the date the majority's opinion is handed down, I would not disagree with the assessment of the appeal penalty. I do think it important to clarify that point, however.
¶ 15. As to the imposition of interest, I have a more substantial disagreement with the majority's handling of the issue. The majority orders that Miller receive interest on all amounts due him "from the date this action was instituted, which would be January 16, 1997, the date Miller filed his petition to controvert." This cannot be correct. The Court is charging Walden Lumber interest from January 16, 1997, on money that was not then due, and, insofar as anyone knew at the time, might never become due depending on the speed with which Miller recovered from his injury and his right to temporary total disability payments ended. The correct measure for interest on weekly installments in situations such as this is that "each weekly installment of an award of compensation should bear interest at the rate of [the applicable percentage] per annum from its due date until paid. . . ." Id. at 480, 63 So.2d at 530. Until each such installment fell due and the determination was made that Miller remained temporarily totally disabled, there was no obligation on Walden Lumber to pay that installment. To retroactively charge interest on that installment back to the date Miller filed his original petition to controvert is nothing more than a graduated penalty not contemplated under the law that grows ever harsher as the installments continue to accrue and the original filing date recedes into the past.
¶ 16. I also would respectfully disagree with the majority's seemingly gratuitous finding that this was a frivolous appeal. Earlier in the opinion, the majority quotes the administrative judge's statement that "there are myriad explanations of these many facts," and then notes that the administrative judge's decision to find compensability *Page 791 
was based largely on that judge's assessment of the credibility of the claimant. That Walden Lumber had a different view of the believability of a claimant who testified to being injured on a date that company records showed him to be absent from work does not invoke considerations of a frivolous appeal to me. More to the point, a determination of the legitimacy of Walden Lumber's appeal is unnecessary to impose the fifteen percent penalty. Thus, the majority's assessment of Walden Lumber's good faith in bringing this appeal serves no legitimate purpose.
SOUTHWICK, P.J., AND THOMAS, J., JOIN THIS SEPARATE WRITTENOPINION. *Page 1078